470 A.2d 337

**Tyrone TEASLEY**

v.

**STATE of Maryland.**

**No. 73, Sept. Term, 1983.**

Court of Appeals of Maryland.

Jan. 31, 1984.

Gary S. Offutt, Asst. Public Defender, Baltimore (Alan H. Murrell, Public Defender, Baltimore, on the brief), for appellant.

Deborah K. Chasanow, Asst. Atty. Gen., Baltimore (Stephen H. Sachs, Atty. Gen., Baltimore, on the brief), for appellee.

Argued before MURPHY, C.J., and SMITH, ELDRIDGE, COLE, DAVIDSON, RODOWSKY and COUCH, JJ.

MURPHY, Chief Judge.

We granted certiorari in this case to consider whether a mistaken application of Maryland's criminal "sentencing guidelines" constitutes an error requiring that the sentence be vacated and a new sentencing hearing conducted.

(1)

In 1979, the Maryland Judiciary, acting through a committee of judges, embarked upon a project to develop sentencing guidelines for voluntary use by circuit court judges to assure that like criminal offenders would receive like sentences for like offenses. More specifically, the project's goals, as stated in the preface to the Maryland Sentencing Guidelines Manual, as revised in 1982 (the revised Guidelines), were these:

"1.  To increase equity in sentencing, *i.e.,* to reduce unwarranted variation while retaining judicial discretion to individualize sentences;

2.  To articulate an explicit sentencing policy while providing a regular basis for policy review and change;

3.  To provide information for new or rotating judges; and

4.  To promote increased visibility and understanding of the sentencing process."

The Guidelines primarily evolved and were developed from a compendium of sentences actually imposed by circuit court judges over a period of time, beginning in 1979. As

applied to crimes against persons, the Guidelines assign various numerical weights to enumerated factors involving the offense and the criminal offender, requiring computation of (1) an offense score and (2) an offender score. The offense score is determined by adding the weighted numbers assigned to four basic factors, *i.e.*, the seriousness of the offense; whether the victim was injured and the seriousness of the injury; whether a weapon was used and, if so, the type of weapon; and the special vulnerability of the victim. Similarly, the offender score is calculated by taking into account whether the offender was incarcerated, on probation or on parole when the offense was committed; the offender's juvenile delinquency record; the offender's prior adult criminal record; and previous adult parole and probation violations. After computing both the offense and the offender scores, a sentencing matrix is consulted which sets forth the range of sentences recommended for each combination of offense and offender scores.

■ As stated in the preface to the revised Guidelines, the Guidelines are not mandatory; instead, they "complement rather than replace the judicial decision-making process or the proper exercise of judicial discretion." Judges, therefore, may sentence outside the range suggested by the Guidelines, either more or less severely, but in doing so they are requested to state reasons in writing for departing from the range of sentences recommended by the Guidelines.

The Guidelines were first implemented in 1981 on an experimental basis in the circuit courts of Harford, Montgomery and Prince George's Counties and in Baltimore City. As of July 1, 1983, the revised Guidelines have been implemented on a statewide basis.[1]

---

1. By ch. 237 of the Acts of 1983, now codified as Maryland Code (1957, 1982 Repl.Vol., 1983 Supp.), Article 27, § 643C, the General Assembly provided that "[n]othing in this article may be construed to prohibit the use of judicial guidelines in setting sentences," except that (1) the Guidelines may not prescribe a sentence "exceeding the maximum sentence provided by law," and (2) nor may the Guidelines

(2)

The appellant Teasley was convicted of two separate crimes arising out of the same criminal incident—armed robbery and the use of a handgun in the commission of a felony. On February 22, 1982, Teasley was sentenced to consecutive ten-year terms of imprisonment.

The record discloses that the sentencing judge in the Circuit Court for Montgomery County (Bell, J.) obtained a presentence investigation report and completed sentencing guidelines worksheets for both offenses.[2] Teasley's counsel advised the court of errors in the computation of the offender scores and the court reduced the scores accordingly. Teasley also argued to the court that under the American Bar Association's Sentencing Alternatives and Procedures Standards (1968) a concurrent sentence should be imposed on the lesser handgun violation as it occurred at the same time as the armed robbery. Teasley did not, however, mention a section of the Guidelines Manual then in effect (§ 1.3 of the 1981 Guidelines) which specified that sentences for multiple offenses are assumed to be concurrent unless the judge expressly decides to sentence consecutively and gives reasons for doing so. The prosecutor argued that ten-year consecutive sentences should be imposed upon Teasley, considering all the circumstances of the crimes and Teasley's criminal background.

The court told Teasley that he was facing a possible thirty-five year sentence; that under the then effective Guidelines the range of sentences was five to ten years on the armed robbery conviction and four to ten years for the handgun offense; that in view of Teasley's criminal record, the sentence imposed must reflect the need to protect the public; that in view of this factor, the ABA concurrent

recommend a sentence violative "of any mandatory minimum sentence prescribed by law."

2. The offenses were committed on March 24, 1981. The Guidelines in effect at the time of the sentencing in this case have since been modified by the revised 1982 Guidelines.

sentencing recommendation was inappropriate; and that consecutive sentences were thus indicated. The court, in imposing the consecutive ten-year sentences, said:

"I am going to keep [the sentences] within the guidelines, as they are stated...."

On appeal, Teasley argued that the trial judge "misapplied the [sentencing] matrix system" because under the Guidelines then in effect, which she purported to apply, the sentences should have been concurrent and not consecutive. The Court of Special Appeals noted that participation by circuit court judges in the sentencing guidelines project was voluntary and that the power of appellate courts to review sentences was not affected. The court said that the sentence imposed upon Teasley was beyond appellate challenge as long as it was within statutory limits and was not motivated by ill-will, prejudice or other improper considerations. *Teasley v. State,* 54 Md.App. 454, 458 A.2d 93 (1983).

(3)

Before us, Teasley maintains that he is entitled to be resentenced because the trial judge, after electing to follow the Guidelines, misconstrued and misapplied their applicable provisions, thereby basing her consecutive sentencing determination on an improper factual or legal predicate. Such a mistake, according to Teasley, constitutes an improper exercise of discretion. The precise principle to be applied, he says, is that where a trial court expresses an intention to follow the Guidelines, their proper application constitutes a consideration which properly enters into the problem of imposing a proper sentence, "and misapplication of those guidelines deprives the defendant of a reasoned, conscious evaluation of his sentence in light of the criteria the trial judge has elected to apply." Teasley thus claims that by not imposing a concurrent sentence upon him, as directed by the Guidelines, the trial judge improperly ignored that which she claimed to apply, resulting in failure to impose a sentence in conformity with the Guidelines, as she believed she had done.

It is by no means clear from the record that Judge Bell did not realize that under the then applicable Guidelines, sentences for multiple offenses were to be concurrent in the absence of reasons expressly articulated by the trial judge for sentencing consecutively.[3] The trial judge specifically declined to follow the ABA rationale for imposing concurrent sentences upon Teasley; instead, she said that the case was one warranting consecutive punishments. Manifestly, Judge Bell intended to and did sentence within the term of years suggested by the guidelines for each offense. That she explicitly rejected the ABA principle favoring concurrent sentences is a plain indication that she would have rejected the parallel Maryland Guidelines principle were she cognizant of its existence.

Assuming *arguendo,* however, that the trial judge was unaware of the concurrent sentence provisions of the Guidelines, as suggested by Teasley, nevertheless a mistaken application of, or failure to apply, the Guideline provisions by the sentencing judge who purports to be governed by their substance, does not require vacation of the sentence and a new sentencing hearing. Appellate review of sentences is extremely limited in Maryland; only three grounds of review are recognized: (1) the sentence may not constitute cruel and unusual punishment or otherwise violate constitutional requirements; (2) the sentencing judge may not be motivated by ill-will, prejudice or other impermissible considerations; and (3) the sentence must be within the statutory limitations. *Logan v. State,* 289 Md. 460, 425 A.2d 632 (1981); *Kaylor v. State,* 285 Md. 66, 400 A.2d 419 (1979); *Clark v. State,* 284 Md. 260, 396 A.2d 243 (1979). Nothing in the law requires that Guidelines sentences or principles be applied; they complement rather than replace the exercise of discretion by the trial judge. Consecutive sentences do not *per se* constitute cruel and unusual punishment. *Kaylor, supra,* 285 Md. at 69, 400 A.2d 419. Nor is it an impermissi-

---

**3.** The 1982 revised Guidelines have modified this provision of the earlier Guidelines.

ble consideration, within the contemplation of our cases, for a trial judge not to apply the Guidelines, or to apply them improperly. *Logan, supra,* 289 Md. at 482, 425 A.2d 632. The sentences in this case were lawfully imposed within statutory limits and constituted the end result of a good faith exercise of the trial judge's discretion.

Under Code (1982 Repl.Vol.), Art. 27, § 645JA, *et seq.,* and Maryland Rule 773, Teasley was entitled to a review of his sentence by a panel of trial judges empowered to impose a different sentence than that imposed by the sentencing judge. And, under Maryland Rule 774, the defendant is authorized to file a motion with the sentencing judge to modify, reduce or strike the sentence. Teasley has taken both courses of action. As to the former, he was unsuccessful. As to the latter, the record does not reveal the action taken, if any, by the sentencing judge.

JUDGMENT AFFIRMED, WITH COSTS.