■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DURKE A. DURKIN, Also Known as DERRICK DELGADO, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Floyd, J.), rendered April 11, 1986, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the

prosecution (see, Jackson v Virginia, 443 US 307, 319; People v Bauer, 113 AD2d 543, 548, lv denied 67 NY2d 648, 880), it is sufficient as a matter of law to support the defendant's conviction of the crime charged. Moreover, upon the exercise of our factual review power, we are satisfied that the evidence established the defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence (CPL 470.15 [5]). The defendant's own testimony showed that he placed an infant entrusted to his care into a sink of water he knew to be too hot and then proceeded to ignore the infant's screams and attempts to extricate himself, in conscious disregard of the risk that the infant would be seriously burned. As a result, the infant sustained life-threatening second-degree burns over 23% of his body, endured substantial pain, and will be scarred for life.

By not objecting to the court's failure to charge the jury on the lesser included offense of assault in the third degree based on criminally negligent conduct, prior to deliberations, the defendant failed to properly preserve any error of law with respect thereto for review (CPL 300.50 [1]; People v Baker, 127 AD2d 601).

The fact that the sentence imposed after trial is greater than that offered as part of a plea bargain does not automatically establish that in determining the sentence, the trial court improperly increased the defendant's punishment solely for asserting his right to trial (see, People v Patterson, 106 AD2d 520, 521). Instead, where the record establishes that the trial court applied the sentencing principles appropriate under the circumstances, including deterrence, rehabilitation, retribution, and isolation, the acceptable objectives of sentencing have been satisfied (People v Suitte, 90 AD2d 80). The defendant is not new to the law and stands convicted of a particularly heinous crime involving the scalding of an infant. Based upon our independent review of the factors to be considered, we find that the trial court properly exercised its discretion in imposing the maximum sentence in this case and the interest of justice does not call for a reduction. Mangano, J. P., Eiber, Sullivan and Harwood, JJ., concur.