REPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 1505

September Term, 2014

---

OSCAR CRUZ-QUINTANILLA

v.

STATE OF MARYLAND

---

Krauser, C.J.,
Nazarian,
Thieme, Raymond G., Jr.
   (Retired, Specially Assigned),

JJ.

---

Opinion by Thieme, J.

---

Filed: May 31, 2016

A jury in the Circuit Court for Prince George's County found appellant, Oscar Cruz-Quintanilla, guilty of reckless endangerment, wearing and carrying a handgun, and conspiracy to commit robbery with a dangerous weapon.  The court sentenced appellant to concurrent three year prison terms for the reckless endangerment and the handgun counts.  As to the robbery count, he was sentenced to 20 years with all but nine years suspended, to run consecutive to the reckless endangerment and handgun sentences.  Upon release, appellant must serve five years of supervised probation, with a condition that he not be involved in any gang activity or be a member of any gang.

Appellant presents the following issue on appeal, which we have rephrased:[1]

> Whether the circuit court erred during sentencing in permitting expert testimony regarding appellant's gang membership.

Finding no error, we affirm.

### SENTENCING HEARING[2]

Appellant contends that the evidence at sentencing regarding his gang membership was improper since his convictions were completely unrelated to that membership and his

---

[1] Appellant phrased the issue as:

> "Whether trial courts have discretion to admit gang-membership evidence in a sentencing hearing when the gang membership is unrelated to the convictions and the defendant is not connected to any criminal offenses of the gang."

[2] Because appellant challenges only the evidence introduced at sentencing, it is unnecessary to set forth the facts of the crimes for which appellant was convicted, except to note that the gang evidence introduced at sentencing was not introduced at trial, nor was appellant charged with any gang-related offenses.

convictions were not linked to any bad acts on behalf of the gang. The State responds that the evidence of appellant's gang membership was a proper consideration in the formulation of his sentence as the evidence established not only that appellant was a member of the gang, but that the gang was criminal in nature.

At the sentencing hearing, the State presented evidence through Sergeant George Norris of the Prince George's County Police Department that appellant is a member of the MS-13 gang. Over the objection of defense counsel, Sergeant Norris testified to his experience with the MS-13 gang and his familiarity with appellant as a member of the gang. The sergeant testified that MS-13 is a violent street gang that requires its members to commit criminal acts of violence. Any MS-13 member would be aware of the gang's criminal purpose since initiation into MS-13 requires acts of violence, including being beaten by fellow gang members. The gang's motto is "mata, vola, controla," which means kill, rape and control. According to the sergeant, appellant has been a known member of MS-13 since at least 2004. Appellant has admitted that he is an MS-13 member and he has multiple MS-13 tattoos evidencing his gang membership. MS-13 tattoos are exclusive to members of the gang; anyone bearing MS-13 tattoos other than a member, would be killed by MS-13.

Based on the nature of appellant's convictions and his documented MS-13 gang affiliation, the State requested that the court impose a sentence totaling 26 years, which was

above the sentencing guidelines but still permitted by statute.[3] Defense counsel responded that a sentence of nine years, with all but four years suspended, was more appropriate. The court sentenced appellant to a total of 23 years, with all but 12 years suspended.

## DISCUSSION

It is well established in Maryland "that a sentencing court is vested with virtually boundless discretion" in imposing a sentence. *Jennings v. State*, 339 Md. 675, 683 (1995)(citations and internal quotations omitted). "A court has a power to impose whatever sentence it deems fit as long as it does not offend the maximum and minimum penalties." *State v. Parker*, 334 Md. 576, 592-93 (1994)(citation omitted). The sentencing court's broad discretion however, does not permit the imposition of a sentence that is cruel and unusual; violative of constitutional requirements; motivated by ill-will, prejudice, or other impermissible considerations; or that exceeds statutory limitations. *Jennings*, 339 Md. at 683.

Appellant's sole challenge to his sentences is that the court improperly considered evidence of his gang affiliation. Relying on *Dawson v. Delaware*, 503 US. 159 (1992), appellant contends that the introduction of evidence of his MS-13 gang membership violated his First Amendment rights, and that his convictions were unrelated to his MS-13 affiliation.

---

[3] The maximum sentence for reckless endangerment is five years, pursuant to section 3-204 of the Criminal Law Article ("CL") of the Maryland Code (2002, 2012 Repl. Vol.). The maximum sentence for wearing, carrying and transporting a handgun is three years. CL §4-203 (1957, 2012 Repl. Vol.). The maximum sentence for conspiracy to commit robbery with a dangerous weapon is 20 years. CL §3-403. (1957, 2012 Repl. Vol.).

Appellant's reliance on *Dawson*, however, is misplaced. In *Dawson*, the United States Supreme Court held that evidence introduced at sentencing regarding defendant's membership in the Aryan Brotherhood, a white supremacist prison gang, violated the First Amendment because it was irrelevant to the defendant's sentencing. *Id*. at 166-67. The Court concluded that since the prosecution failed to prove that the Aryan Brotherhood committed any unlawful or violent acts, or endorsed such acts, the evidence did not prove any aggravating circumstances beyond the defendant's "mere abstract beliefs." *Id*. at 167. Explaining that the Constitution does not erect a "per se" barrier against the admission of evidence regarding beliefs protected by the First Amendment, the Court acknowledged that evidence may be admissible in appropriate cases in which evidence of criminal or violent conduct of the gang is introduced. *Id*. at 165-66. "In many cases, for example, associational evidence might serve a legitimate purpose in showing that a defendant represents a future danger to society." *Id*. at 166.

In appellant's case, the evidence regarding MS-13 was not limited to the constitutionally protected beliefs of the gang. Sergeant Norris testified to the criminal acts that the gang requires of its members, including the violent acts required for initiation into the gang. It would be reasonable to infer from the evidence that as a documented member of MS-13, appellant endorses not just MS-13's beliefs, but also its criminal activities.

While there is no reported Maryland appellate opinion considering whether gang evidence is admissible in sentencing proceedings, it is well settled that the trial courts "are

4

given very broad latitude in the kinds of information they may consider in [sentencing]." *Jennings*, 339 Md. at 683 (holding that the sentencing court could consider defendant's lack of remorse on the issue of his prospects for rehabilitation)(citations omitted); *Saenz v. State*, 95 Md. App. 238, 250-51 (1993)(holding that defendant's lack of remorse at sentencing was an appropriate consideration in sentencing); *see also Smith v. State*, 308 Md. 162, 165-69 (1986)(collecting cases)(finding that testimony at sentencing regarding a report of attempted rape that was unrelated to the crime for which defendant was being sentenced, and for which he had not been charged, was admissible); *Colvin-el v. State*, 332 Md. 144, 166 (1993)(concluding that defendant's mental health report which was included in the presentencing report was germane and admissible at sentencing "[g]iven the importance that the convicted person's mental and physical health and mental and moral propensities play in the sentencing determination").

Moreover, other state courts have held that evidence of gang affiliation is a proper sentencing consideration. *See State v. Cooks*, 720 So.2d 637, 650 (La. 1998)(finding that strong evidence establishing a link between defendant's gang involvement, his character, and his sentencing "escaped the trap illustrated in *Dawson*" and was admissible in capital sentencing phase); *State v. Moore*, 927 P.2d 1073, 1087-88 (Or. 1996)(holding that defendant's belief in white supremacy, together with the evidence of his related conduct, was probative of his future dangerousness); *People v. Coleman*, 633 N.E.2d 654, 673 (Ill. 1994)(admission of evidence at capital sentencing hearing regarding defendant's prison

gang activities did not violate his First Amendment rights); *Beasley v. State*, 902 S.W.2d 452, 456 (Tex. Crim. App. 1995)(holding that evidence of defendant's gang membership and evidence of the character and reputation of the gang are permissible in sentencing because they related to defendant's character).

In this case, it was properly within the discretion of the sentencing court to consider evidence regarding the nature and activities of MS-13 as it pertained to the court's consideration of appellant's character. As the State points out, however, it is unclear whether the sentencing court actually considered appellant's gang affiliation in determining appellant's sentence, as the court makes no mention of appellant's gang membership during the sentencing hearing.[4] Even assuming arguendo, that the testimony regarding MS-13 and appellant's membership in MS-13 was improper, the sentencing court gave no indication that it was giving appellant an increased sentence due to his gang membership or any other reason.

Although appellant's sentence of 12 years exceeded the recommended sentence (of four to nine years) as set forth in the Maryland Sentencing Guidelines Worksheet prepared at his sentencing hearing,[5] we perceive no error. This Court repeatedly has held that trial

---

[4] We note that the sentencing court included as a condition of appellant's probation that he not be involved in any gang activity or be a member of any gang. Appellant does not challenge that condition.

[5] According to the Maryland Sentencing Guidelines Manual, determination of whether a sentence for multiple counts falls within the overall guidelines range is based on the calculation of the net time to be served (*i.e.*, the initial sentence minus suspended sentence). *See* §§ 9.1 - 9.4, pp.35-38 (2015).

judges are not bound by the sentencing guidelines promulgated by the judiciary in imposing sentences in criminal cases. *See Saenz*, 95 Md. App. at 252 ("A sentence outside the guidelines is not indicative that the guidelines were not considered but only that they were rejected. A rejection of guidelines is contemplated by the guidelines themselves"); *Timney v. State*, 80 Md. App. 356, 368-69 (1989) (no error for judge to sentence above the guidelines). Sentencing guidelines in Maryland are not mandatory, and any deviation from them is not a basis for vacating the sentence or requiring a new sentencing hearing. *Teasley v. State*, 298 Md. 364, 370 (1984); *accord Jennings*, 339 Md. at 680 n.1 (citation omitted); *Saenz*, 95 Md. App. at 251.

Here, the sentencing court did not abuse its discretion in sentencing appellant above the recommended guidelines as appellant's sentence was within statutory limits.

**JUDGMENT OF THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY AFFIRMED. COSTS TO BE PAID BY APPELLANT.**