531 A.2d 1035

**Ronnie PARKER**

v.

**STATE of Maryland.**

**No. 64, Sept. Term, 1987.**

Court of Special Appeals of Maryland.

Oct. 8, 1987.

Laurie R. Gitajn, Assigned Public Defender, Rockville (Alan H. Murrell, Public Defender, Baltimore, on the brief), for appellant.

Ann E. Singleton, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Kurt L. Schmoke, State's Atty. for Baltimore City and William Townsend, Asst. State's Atty. for Baltimore City, on the brief), Baltimore, for appellee.

Argued before ROBERT M. BELL, WENNER and POLLITT, JJ.

ROBERT M. BELL, Judge.

Ronnie Parker, appellant, was convicted by a jury in the Circuit Court for Baltimore City of possession of cocaine. Having been sentenced to four years imprisonment, he appeals that judgment, raising a number of issues. Because we find merit in one of them, namely, whether the trial court erred in admitting into evidence the chain of custody report, the lab analysis report, and the photograph

of the cocaine capsule seized where the State failed to prove a sufficient chain of custody, we do not reach the remaining issues.

It is not necessary to set out in detail the facts of this case. It is sufficient to report that appellant was arrested in connection with the robbery with a deadly weapon of two separate victims.[1] In a search incident to that arrest, the police recovered from appellant's person a gelatin capsule containing a white powder. The testimony of the chemist at trial, over appellant's objection, was that the white powder which he analyzed, was cocaine. Also over appellant's objection, the trial court admitted into evidence the chain of custody report, the lab analysis report prepared by the chemist, and a photograph of the cocaine capsule seized from appellant.

Maryland Courts and Jud.Proc.Code Ann. § 10–1001 provides a mechanism by which a chemist's report of analysis of an alleged controlled dangerous substance may be admitted, as prima facie evidence, "[f]or the purpose of establishing that physical evidence in a criminal ... proceeding constitutes a particular controlled dangerous substance ...", without the necessity of the chemist appearing in court. Section 10–1002 makes similar provision as to the chain of custody report. Section 10–1003, on the other hand, provides:

> In a criminal proceeding, the prosecution shall, upon written demand of a defendant filed in the proceeding at least five days prior to a trial in the proceeding, require the presence of the chemist, analyst, or any person in the chain of custody as a prosecution witness. The provisions of §§ 10–1001 and 10–1002 concerning prima facie evidence do not apply to the testimony of that witness. The provisions of §§ 10–1001 and 10–1002 are applicable in a criminal proceeding only when a copy of the report or

---

1. Appellant was charged with, and tried for, these robberies and related offenses at the same time he was tried for possession of cocaine. The jury acquitted him of all of those charges.

statement to be introduced is mailed, delivered, or made available to counsel for the defendant or to defendant personally when he is not represented by counsel, at least ten days prior to the introduction of the report or statement at trial.

Thus, the chemist's report and the chain of custody form are prima facie evidence of their contents only if (1) they are furnished to the defendant at least ten days prior to their introduction at trial and (2) a defendant does not make written demand, in a timely fashion, for the production of the chemist or persons in the chain of custody as prosecution witnesses.

 Prior to trial, and consistent with the requirements of § 10–1003, the State furnished the chemist's report and the chain of custody form to appellant. The latter form listed three persons, the arresting officer, a crime lab technician, and the chemist. Appellant made timely written demand, pursuant to § 10–1003, that the chemist and the other persons in the chain of custody be called as State's witnesses.

At trial, despite appellant's demand, which it acknowledged to be both timely and proper, the State called only the arresting officer and chemist as State's witnesses.[2] When the State attempted to elicit from the chemist the results of his analysis and to introduce his analysis report and the chain of custody form into evidence, appellant objected, noting that "[t]he chain of custody has not been fully established in this case." The State responded:

My response, your Honor, is that Officer Hanko testified yesterday that he personally put the alleged contraband into Evidence Control, witnessed the signature on the form. He testified that he turned it over to Mr. William

---

2. The assistant state's attorney asked appellant which of the witnesses he wished him to call, to which appellant responded that the State must decide for itself which witnesses it would call. The trial court agreed with that response.

B. Jones,[3] who was the interim custodian, who put it in the chute and he described the procedure. Dr. Soni says he recognizes the signature of Mr. Jones where he took it out, two signatures and put it back in. I submit, your Honor, under all the caselaw which controls chain of custody matters the overriding principle that the chain of custody must be proved to the satisfaction of the trier of the facts to the point where no unreasonable inferences can be done as to tampering. I submit we have met that burden.[4]

The court overruled the objection and the chemist was permitted to state the result of his analysis. His report, the chain of custody form, and a photograph of the cocaine were then admitted into evidence, also over appellant's objection.

Appellant, relying upon *Gillis v. State*, 53 Md.App. 691, 456 A.2d 89, *cert. denied*, 296 Md. 172 (1983), argues that these rulings were error because the laboratory technician, one of the persons in the chain of custody, was not called as a prosecution witness even though appellant timely and properly demanded that the State do so. Continuing, he asserts that, since § 10–1003 is mandatory and since the prima facie presumption contained in §§ 10–1001 and 10–1002 does not apply when a defendant makes a demand pursuant to § 10–1003, the State's failure to produce the laboratory technician as a witness resulted in a failure of proof of the chain of custody. Thus, he concludes, the

---

3. Jones is the laboratory technician who was not called as a witness. During the testimony of the arresting officer, appellant objected when the State sought to elicit from the officer the fact that Jones signed the chain of custody form and an explanation as to Jones' role in the handling of the cocaine. He also objected to the chemist testifying that he recognized Jones' signature on the chain of custody form. Both objections were overruled.

4. At a bench conference on the previous day, appellant specifically referred to § 10–1003 in advancing his position that, when a timely and proper demand that the State call the persons in the chain of custody is made, the State must call all of those persons in order to prove the chain of custody.

chain of custody form, the laboratory analysis, and the photograph were not properly admitted into evidence.

In *Gillis,* the State did not furnish the defense with the statements required by § 10–1002 and, despite the defendant's demand that it do so, did not call as prosecution witnesses all of the persons listed on the chain of custody form. The defense objected to the introduction of the controlled dangerous substances on the ground that the State had failed to produce all of the witnesses in the chain of custody as prosecution witnesses. The trial judge overruled the objection, ruling that the testimony showed "no likelihood of any taint". 53 Md.App. at 697, 456 A.2d 89. We reversed. After reviewing the provisions of §§ 10–1001 and 10–1002 and noting the State's non-compliance with § 10–1002, we said with regard to § 10–1003:

> The defense availed itself of the right granted it by § 10–1003 by notifying the prosecution in writing within the time specified that it would require the presence of the chemist and any person in the chain of custody *as a prosecution witness.* The State elected not to comply with the clear mandate of the statute. Under these circumstances, the trial judge should have required the witnesses to be produced. In the absence of such requirement, the admission of the drugs as an exhibit was error. (emphasis in original)

53 Md.App. at 698, 456 A.2d 89. We interpret *Gillis* to require, when demand is made pursuant to § 10–1003, the calling of every witness in the chain of custody as a necessary predicate to the introduction of the subject controlled dangerous substances, the analysis report and/or the chain of custody form.

*Bell v. State,* 66 Md.App. 294, 503 A.2d 1351 (1986) and *Colesanti v. State,* 60 Md.App. 185, 481 A.2d 1143 (1984), *cert.* denied, 302 Md. 570, 489 A.2d 1129 (1985) are cases which address the teachings of *Gillis.* In *Bell,* the defendant did not timely demand the presence of the persons who signed the chain of custody form and "[t]he State established the chain of custody of the alleged cocaine by calling

as witnesses those persons who actually handled the suspected cocaine." 66 Md.App. at 301–02, 503 A.2d 1351. The trial court admitted the chemist's analysis report into evidence, over defense objection. We affirmed. We distinguished *Gillis* on two bases: (1) appellant's failure to make timely demand that the chain of custody witnesses be produced and (2) because the drugs were not admitted into evidence. We also noted that the provisions of §§ 10–1001 through 10–1003 were inapplicable because the State did not comply with the provisions of § 10–1003 relating to furnishing the chemist's report and the chain of custody form to appellant. In *Colesanti*, we said that, under *Gillis*, the court erred in admitting controlled dangerous substances into evidence before the chain of custody witnesses had been examined. 60 Md.App. at 190, 481 A.2d 1143. We found the error to be harmless, however, since, unlike in *Gillis*, the several witnesses listed on the chain of custody form did testify, albeit after the fact. 60 Md.App. at 190–91, 481 A.2d 1143.

Neither of these cases undermines the *Gillis* holding; in fact, each supports it.

The State does not contend, as indeed it cannot, that all of the chain of custody witnesses testified. It suggests, instead, that whether or not a demand is made pursuant to § 10–1003, the State need not call all of the persons in the chain of custody so long as the evidence it does produce shows "a reasonable probability under the common law standard, that no tampering occurred while the evidence was in the State's possession and that it is the same evidence linked to the defendant." We disagree. The provisions of § 10–1003 are clear, unambiguous, and mandatory. If they are to be construed as the State suggests, they are at best superfluous. Moreover, *Gillis* belies that position and we reaffirm *Gillis*. Accordingly, we hold that the State failed to establish a complete chain of custody when it did not call the laboratory technician as a prosecution witness despite a timely demand that it do so. It follows that the photograph, chain of custody form and

**550**

analysis report were erroneously admitted into evidence. That error requires reversal.

JUDGMENT REVERSED. COSTS TO BE PAID BY MAYOR AND CITY COUNCIL OF BALTIMORE.