571 A.2d 897

**Kenneth Dean LESTER**

v.

**STATE of Maryland.**

**No. 1213, Sept. Term, 1989.**

Court of Special Appeals of Maryland.

April 3, 1990.

Victoria S. Keating, Asst. Public Defender (Alan H. Murrell, Public Defender, on the brief) Baltimore, for appellant.

Cathleen C. Brockmeyer, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore, and Sandra A. O'Connor,

State's Atty. for Baltimore County, Towson, on the brief), for appellee.

Submitted before ROSALYN B. BELL, ROBERT M. BELL and FISCHER, JJ.

ROBERT M. BELL, Judge.

The appellant, Kenneth Dean Lester, was convicted at a non-jury trial in the Circuit Court for Baltimore County of possession of phencyclidine (PCP) with intent to distribute and driving under the influence of a drug. He was sentenced to a total of three years imprisonment. On this appeal, appellant seeks reversal of the convictions, arguing that:

1. The court below erred in admitting evidence of drugs allegedly seized from appellant's automobile, where chain of custody had not been fully established.

2. The court erred in admitting the testimony of a chemist who was not properly qualified to analyze phencyclidine.

We will affirm.

Appellant was stopped by three Baltimore County Police officers, Widenhouse, Ford and Cordery, on the Baltimore Beltway and, after failing a series of field sobriety tests, arrested and charged with intoxicated driving. Search of his jeep uncovered several small bottles and jars containing what the officers suspected was PCP. One of the officers took appellant in for processing and the others took the suspected PCP to North Point Precinct. The seized items were ultimately analyzed by a forensic chemist, who testified at trial that they contained PCP.

## 1. CHAIN OF CUSTODY

Appellant complains that the seized PCP should not have been admitted into evidence because the State failed to call, as witnesses at the trial, all of the persons in the chain of custody. Although two of the officers were called and

testified,[1] the third was not. Moreover, no explanation was given for his absence.[2] The question, therefore, is whether the PCP should have been excluded from evidence for that reason.

In *Amos v. State*, 42 Md.App. 365, 370, 400 A.2d 468 (1979), we observed that, in order for physical evidence (such as a seized controlled dangerous substance) to be admissible, it "must be in substantially the same condition that it was in at the time of the crime...." To assure that a particular item of evidence is in substantially the same condition as when seized, the law requires the offering party to establish the "chain of custody,", *i.e.*, account for its handling from the time it was seized until it is offered in evidence. In the case of controlled dangerous substances, under some circumstances, the State may prove the chain of custody by offering specified documentary evidence in lieu of live witnesses. Maryland Courts & Jud.Proc.Code Ann. §§ 10–1001 & 1002. The State may elect this method by mailing the report or statement to be introduced to the defendant, or his counsel, if represented, at least ten days in advance of its introduction. Section 10–1003(a)(3). A defendant, on the other hand, may require the State to produce the chain of custody witnesses at trial by requesting the State to do so in writing at least five days prior to trial. Section 10–1003(a)(1).

In the case *sub judice*, about three weeks prior to trial, appellant filed a "request for presence of technicians and everyone in the chain of custody." This request required the State to produce as witnesses each person essential to the establishment of the chain of custody. *Gillis v. State*, 53 Md.App. 691, 456 A.2d 89, *cert. denied*, 296 Md.

---

**1.** Officer Ford testified, but stated that he had no contact with the evidence after he left the scene of the arrest.

**2.** The State may, in some situations, be excused from producing a witness where the witness is incapable of submitting to in-court examination. *Thompson v. State*, 80 Md.App. 676, 683, 566 A.2d 126 (1989).

172 (1983); *Parker v. State,* 72 Md.App. 543, 547, 531 A.2d 1035 (1987), *cert. denied,* 311 Md. 698, 537 A.2d 262 (1988); *Best v. State,* 79 Md.App. 241, 248–58, 556 A.2d 701, *cert. denied,* 317 Md. 70, 562 A.2d 718 (1989); *Thompson v. State,* 80 Md.App. 676, 681, 566 A.2d 126 (1989).

Maryland Courts & Jud.Proc.Code Ann. § 10–1002(a) provides:

(a) In this part:

(1) "Chain of custody" means:

(i) The seizing officer;

(ii) The packaging officer, if the packaging officer is not also the seizing officer; and

(iii) The chemist or other person who actually touched the substance and not merely the outer sealed package in which the substance was placed by the law enforcement agency before or during the analysis of the substance; and

(2) "Chain of custody" does not include a person who handled the substance in any form after analysis of the substance.

■ Officer Widenhouse testified that the items seized from appellant's jeep were transported by himself and Officer Cordery to the North Point Precinct. Once there, he, along with Officer Cordery and Corporal Moxley, packaged the evidence. He did not elaborate as to which officer packaged which item. Corporal Moxley's testimony added only the fact that he packaged at least one of the bottles of PCP. The testimony made clear, however, that the evidence remained in Officer Widenhouse's presence until it was sealed and placed in the evidence locker and that, later, it was removed from the locker, taken to the police laboratory, and analyzed by Ms. Nancy Jeffein.

Appellant contends that, because the testimony established that Officer Cordery was present when the evidence was packaged, he must have participated in its packaging. From this premise—that the officer participated both in the seizure and packaging of the evidence—he argues that the

officer's testimony was essential to the establishment of the chain of custody.

■ In *Best, supra,* we stated that the purpose of establishing the chain of custody is "to guarantee the integrity of the physical evidence". 79 Md.App. at 249, 556 A.2d 701. Where an item of evidence is jointly possessed by two people, it is only necessary for one of them to testify; as long as one of the joint possessors testifies and that testimony negates the possibility of tampering, it alone is adequate to prove the chain of custody.[3] Since Officer Widenhouse accounted for the evidence from the time it was seized until it was placed in the evidence locker, his testimony provided the necessary chain of custody. Failure of the State to call Officer Cordery did not render the chain of custody evidence inadequate.

## 2. QUALIFICATION OF EXPERT

■ The State called Ms. Jeffein to establish that the items seized contained PCP. Ms. Jeffein testified that she had received a college degree in forensic science and, when she performed the analysis in this case, had been employed as a forensic chemist for over half a year. She also explained that she was certified by the Department of Health and Mental Hygiene to test marijuana, but was still working toward earning her certification for testing PCP.

---

**3.** In *Parker, supra,* finding the provisions of § 10–1003 to be clear, unambiguous, and mandatory, we held that the State was required to call all of the witnesses in the chain of custody. We rejected the argument that the only persons who need to be called are those whose testimony "shows 'a reasonable probability under the common law standard, that no tampering occurred while the evidence was in the State's possession and that it is the same evidence linked to the defendant.'" 72 Md.App. at 549, 531 A.2d 1035. In 1988, § 10–1002(a) was amended to its present form. Recognizing that the amendment was "[i]n partial response" to *Parker,* we inferred from it that the legislative intent of the three sections was "less rigid" than that reflected in *Parker. Best,* 79 Md.App. at 256, 556 A.2d 701. *See also Thompson,* 80 Md.App. at 683–85, 566 A.2d 126.

Appellant argues that Ms. Jeffein was not qualified to testify that the seized items contained PCP and, because she was not qualified, the trial judge erred in accepting her expert testimony. Appellant concedes that Ms. Jeffein is a qualified chemist, but argues that because she was not certified by the Department of Health & Mental Hygiene to analyze PCP, she should not have been accepted as an expert in this case. He directs our attention to Maryland Courts and Jud.Proc.Code Ann. § 10–1001. That section provides:

For the purpose of establishing that physical evidence in a criminal or civil proceeding constitutes a particular controlled dangerous substance defined under Article 27 of this Code, a report signed by the chemist or analyst who performed the test or tests as to its nature is prima facie evidence that the material delivered to him was properly tested under procedures approved by the Department of Health and Mental Hygiene, that those procedures are legally reliable, that the material was delivered to him by the officer or person stated in the report, and that the material was or contained the substance therein stated, without the necessity of the chemist or analyst personally appearing in court, provided the report identifies the chemist or analyst as an individual certified by the Department of Health and Mental Hygiene, the Maryland State Police Department, the Baltimore City Police Department, or any county police department employing analysts of controlled dangerous substances, as qualified under standards approved by the Department of Health and Mental Hygiene to analyze those substances, states that he made an analysis of the material under procedures approved by that department, and also states that the substance, in his opinion, is or contains the particular controlled dangerous substance specified. Nothing in this section precludes the right of any party to introduce any evidence supporting or contradicting the evidence contained in or the presumptions raised by the report.

The Statute, by its terms, applies only when the chemist or analyst does not testify at trial, *see* 10–1003(a)(2), hence, it is inapplicable in this case. Appellant recognizes that this is so. Nevertheless, he argues, relying, by analogy, on the certification requirements of § 10–1001, that Maryland trial judges should never accept, as an expert in the analysis of controlled dangerous substances, an uncertified chemist or analyst, regardless of his or her other qualifications. We do not agree.

Ms. Jeffein was offered as an expert in analyzing PCP. Her acceptance as an expert required that the judge be convinced that she was able to perform the chemical analysis necessary to determine the presence of PCP. Appellant quite properly does not argue that she was not qualified to make the chemical analysis. And, that she was not certified by the Department of Health and Mental Hygiene does not mean that she is not qualified. *See Bricker v. State*, 80 Md.App. 532, 565 A.2d 340 (1989). There, we considered whether an unlicensed psychologist could be accepted as an expert. We observed that "[t]he absence of a license, in and of itself, does not detract from one's competency", *id.*, 80 Md.App. at 544, 565 A.2d 340; it affects, rather, only the weight to be accorded the opinion expressed. *Id.* This observation is likewise pertinent here.

It is well established that the determination whether a witness should be accepted as an expert is a matter addressed to the sound discretion of the trial court. *Trimble v. State*, 300 Md. 387, 404, 478 A.2d 1143 (1984), *cert. denied*, 469 U.S. 1230, 105 S.Ct. 1231, 84 L.Ed.2d 368 (1985). That decision will not be disturbed by a reviewing court unless it is shown to have been an abuse of discretion. We have already decided that Ms. Jeffein possessed training and experience requisite to be an expert and also that her lack of certification did not disqualify her from being an expert. It follows that the trial judge in this case did not abuse his discretion when he accepted Ms. Jeffein as an expert witness.

JUDGMENTS AFFIRMED.
COSTS TO BE PAID BY APPELLANT.